UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VALENZUELA,<br><br>Defendant. | No. 1:14-cr-00188-LJO-SKO-1<br><br>ORDER REOPENING CASE, REFERRING CASE TO FEDERAL DEFENDER'S OFFICE, AND DIRECTING GOVERNMENT TO RESPOND<br><br>(Doc. Nos. 105, 106) |

Petitioner Jose Valenzuela, a prisoner in federal custody, brought a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In an order dated August 10, 2018, the court denied petitioner's motion in part, and on February 12, 2019, the court denied the remaining portion of petitioner's motion. (Doc. Nos. 90, 98.) Petitioner appealed both orders of the court. (Doc. Nos. 93, 99.) The Ninth Circuit dismissed petitioner's first appeal, finding the court's order of August 10, 2018, was not yet final or appealable. (Doc. Nos. 96, 97.) However, upon review of petitioner's second appeal, the Ninth Circuit remanded the case for the court to consider "whether an evidentiary hearing is necessary to resolve [ ] conflicting statements of fact" concerning an allegation of ineffective assistance of trial counsel. (Doc. No. 105.) The Ninth Circuit's mandate issued on September 29, 2020. (Doc. No. 106.)

The court's consideration of the necessity of an evidentiary hearing in its February 12, 2019, order incorporated relevant legal standards (Doc. No. 98 at 11–13) but did not weigh

additional authorities cited by the Ninth Circuit, including the decisions in *Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. 2005), *United States v. Chacon-Palomares*, 208 F.3d 1157 (9th Cir. 2000), and *United States v. Packwood*, 848 F.2d 1009 (9th Cir. 1988). In his petition, petitioner had alleged that his trial counsel provided ineffective assistance when he failed to file a notice of appeal on petitioner's behalf. (Doc. No. 64 at 3.) This court credited a declaration by petitioner's trial counsel that refuted petitioner's verified statement that petitioner had made that request. (Doc. No. 98 at 11–13.) This court denied relief on petitioner's claim of ineffective assistance of counsel on that basis. (*Id*. at 13.) The court based its decision making, in part, on the timeline laid out in petitioner's allegations, in which petitioner asserted that he made his request "during [his] sentencing hearing" and in another paragraph indicated he had done so "[a]t the close of the sentencing hearing." (Doc. No. 64 at 3.) During his sentencing hearing, petitioner instead clearly waived his appellate rights on the record (Doc. No. 87 at 6), notwithstanding petitioner's assertion that he asked trial counsel to file a notice of appeal.

Having considered the necessity of an evidentiary hearing anew, in light of the issuance of the Ninth Circuit's mandate, the court will act with an abundance of caution and order a hearing to allow the record to be supplemented and to clarify the conflicting statements of fact and petitioner's on-the-record words and action contemporaneous with his alleged request to trial counsel. When an evidentiary hearing is warranted in a § 2255 proceeding, an indigent defendant is entitled to the appointment of counsel. Rule 8(c), Rules Governing Section 2255 Cases in the U.S. District Courts (amended Dec. 1, 2019). Therefore, the court appoints the Federal Defender's Office to represent petitioner for purposes of his evidentiary hearing pursuant to Rule 8 and consistent with the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.

However, the court also revisits the issue of whether the government continues to oppose petitioner's claim for relief. (*See* Doc. No. 90 at 16–17.) Under the circumstances of this case, the government has two options. It may continue to oppose petitioner's claim for relief, in which case the court will need to make anew a factual determination whether petitioner did ask his previous counsel to file a notice of appeal and his counsel refused to do so. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005). If the court determines that petitioner's

allegations are true, the court will vacate and reenter the judgment to allow petitioner to file a timely notice of appeal. *Id*. If the court determines that petitioner's allegations in this regard are not true, then petitioner is entitled to no further relief. *Id*. In the alternative, the government may elect not to oppose the pending § 2255 motion on this issue and to allow the appeal to proceed without an evidentiary determination. *Id*. If the government elects this path, the court will vacate and reenter the judgment assuming, without deciding, that petitioner's ineffective assistance claim is true. *Id.*

Accordingly, for the reasons set forth above, the court ORDERS that:

1. In light of the Ninth Circuit's order and mandate (Doc. Nos. 105, 106), and consistent with this court's review, the Clerk of the Court is DIRECTED to REOPEN petitioner's case for resolution of his § 2255 motion;
2. Petitioner's case is referred to the Federal Defender's Office for representation for purposes of an evidentiary hearing;
3. The Clerk of Court is DIRECTED to add the Federal Defender's Office Panel Administrator, Connie Garcia (Connie_Garcia@fd.org), to the service list prior to docketing of this order;
4. The government is ORDERED to inform the court how it wishes to proceed in this matter within twenty (20) days of the filing date of this order; and
5. An evidentiary hearing will be scheduled, if required, upon receipt of the government's response.

IT IS SO ORDERED.

Dated:   **January 27, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE