UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VALENZUELA,<br><br>Defendant. | No. 1:14-cr-00188-NONE-SKO-1<br><br>ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AS TO REMANDED ISSUE<br><br>(Doc. Nos. 64, 105, 106) |

On November 23, 2015, defendant Jose Valenzuela pleaded guilty to one count of a two-count indictment for conspiracy to distribute methamphetamine and/or possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). (Doc. No. 41.)  Among other things, the parties' plea agreement provided that movant waived his right to appeal the conviction or any sentence less than the maximum provided under 21 U.S.C. § 841(a)(1) and (b)(1)(C).  (Doc. No. 37, ¶ 2(f).)  He additionally "waive[d] his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack," including through a § 2255 motion, except for any non-waivable claims.  (*Id*.)  In exchange for these concessions, the government agreed to dismiss the second count of the indictment, for possession with intent to distribute methamphetamine, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(A)(viii).  (Id. ¶ 3(c).) The plea agreement stipulated that the weight of the

1

1    methamphetamine attributable to petitioner's conduct was approximately 26 pounds, that the base
2    offense level under the United States Sentencing Guidelines ("USSG") was 38, that the
3    acceptance of responsibility would reduce the offense level by three, and that the adjusted offense
4    level would be 35, unless petitioner met the criteria for a safety-valve reduction under USSG §
5    5C1.2 (a)(1)-(5). (Doc. No. 37 ¶ 3(a).)  The resulting guideline range at an offense level of 35
6    would be 168 to 210 months' imprisonment, and the government agreed to recommend a sentence
7    at the low end of the range. (*Id*.)  The Presentence Report included a two-level enhancement for
8    reckless endangerment during flight, which was not a fact that petitioner admitted to in the plea
9    agreement and was not discussed prior to signing the plea agreement. (Doc. No. 51 at 2.)  At
10   sentencing, the previously assigned district judge found that the two-level enhancement for
11   reckless endangerment was appropriate and that the applicable offense level was 37, with a
12   guideline range of 210 to 262 months. (Doc. No. 76 (4/25/16 Tr.) at 6–7.)  The court imposed a
13   sentence at the low end of that guideline range:  210 months. (Doc. No. 58, entered May 3,
14   2016.)  Movant filed a pro se notice of appeal on August 8, 2016, (Doc. No. 59), which the Ninth
15   Circuit dismissed as untimely. (Doc. Nos. 62, 63.)

16          On April 27, 2017, movant filed a pro se motion to vacate, set aside, or correct his
17   sentence under 28 U.S.C. § 2255. (Doc. No. 64.)  In an order dated August 10, 2018, the court
18   denied petitioner's motion in part as to all of movant's claims except for his claim that his
19   attorney provided ineffective assistance of counsel for failure to file a notice of appeal. (Doc. No.
20   90.)  On February 12, 2019, the court denied the remaining portion of petitioner's motion. (Doc.
21   Nos. 90, 98.)  Petitioner appealed both orders. (Doc. Nos. 93, 99.)  The Ninth Circuit dismissed
22   petitioner's first appeal, finding the August 10, 2018 order was not yet final or appealable. (Doc.
23   Nos. 96, 97.)  However, upon review of petitioner's second appeal, the Ninth Circuit remanded
24   the case for the court to consider "whether an evidentiary hearing is necessary to resolve [ ]
25   conflicting statements of fact" concerning an allegation of ineffective assistance of trial counsel.
26   (Doc. No. 105.)  The Ninth Circuit's mandate issued on September 29, 2020. (Doc. No. 106.)
27          Thereafter, the court re-opened the case, ordered an evidentiary hearing, and referred the
28   matter to the federal defender's office. (Doc. No. 107.)  In addition, the court specifically

2

1  "revisit[ed] the issue of whether the government continues to oppose petitioner's claim for relief."

2  (*Id*. at 2–3.)  The court indicated that:

> [u]nder the circumstances of this case, the government has two options.  It may continue to oppose petitioner's claim for relief, in which case the court will need to make anew a factual determination whether petitioner did ask his previous counsel to file a notice of appeal and his counsel refused to do so.  *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005).  If the court determines that petitioner's allegations are true, the court will vacate and reenter the judgment to allow petitioner to file a timely notice of appeal.  *Id*.  If the court determines that petitioner's allegations in this regard are not true, then petitioner is entitled to no further relief.  *Id*.  In the alternative, the government may elect not to oppose the pending § 2255 motion on this issue and to allow the appeal to proceed without an evidentiary determination.  *Id*.  If the government elects this path, the court will vacate and reenter the judgment assuming, without deciding, that petitioner's ineffective assistance claim is true.  *Id.*

(*Id*. at 2–3.)

Initially, the government elected to proceed to an evidentiary hearing (Doc. No. 110), and a hearing was set for April 2021 (Doc. No. 111) and then rescheduled several times (Doc. Nos. 112, 119, 120).  Shortly before the re-scheduled hearing was set to take place, the United States requested a continuance so that it could review recently received discovery from defendant bearing on the issues to be heard at the hearing.  (*See* Doc. No. 123.)  Thereafter, the United States filed a notice of non-opposition to the remaining portion of the pending motion.  (Doc. No. 124.)

In accordance with *Sandoval-Lopez*, 409 F.3d at 1198, which approved a procedure by which the government might choose to not oppose a petition raising the very issue presented here, movant's petition is granted as to the sole issue before this court on remand:  whether petitioner's counsel failed or refused to file a notice of appeal after petitioner asked him to do so.  Given the government's recent statement of non-opposition, the court will vacate and reenter the judgment

/////
/////
/////
/////

3

without a hearing, assuming without deciding that the factual basis for petitioner's claim is true. *Id.*[1]

### CONCLUSION

For the reasons set forth above, the Clerk of the Court is directed to vacate the judgment entered May 3, 2016, (Doc. No. 58), and then to re-enter an identical judgment, which will re-start the clock for the filing of any notice of appeal.

IT IS SO ORDERED.

Dated: **October 30, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] The Ninth Circuit's warning to Sandoval-Lopez is worth repeating here:

> The case at bar is a particularly plain instance of where "ineffective assistance of counsel" is a term of art that does not mean incompetence of counsel. It may be very foolish to risk losing a seven-year plea bargain on an appeal almost sure to go nowhere, in a major heroin case. Nevertheless the client has the constitutional right, under *Flores-Ortega* and *Peguero*, to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush.

*Sandoval-Lopez*, 409 F.3d at 1198–99.